# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Respondent,

v.

MELVIN LAWRENCE,

Defendant/Petitioner.

Criminal Action No. 03-00092-01 (CKK)
Civil Action No. 10-01468 (CKK)

**FILED**
OCT 19 2011
Clerk, U.S. District and
Bankruptcy Courts

**MEMORANDUM OPINION**
(October 19, 2011)

Several years ago, Defendant and Petitioner Melvin Lawrence ("Lawrence") was convicted by a jury in this Court on one count of distributing five grams or more of cocaine base, more widely known as crack, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). Upon remand from the United States Court of Appeals for the District of Columbia Circuit, this Court resentenced Lawrence to 250 months' incarceration to be followed by five years' of supervised release. Presently before the Court is Lawrence's [105][1] Motion to Vacate and Correct Sentence Based Upon Ineffective Assistance of Counsel ("Motion to Vacate"). Upon a searching review, the Court finds that the parties' submissions, the relevant authorities, and the record as a whole conclusively show that Lawrence is not entitled to the requested relief. Accordingly, the Court shall DENY Lawrence's [105] Motion to Vacate.

## I. BACKGROUND

On April 30, 2002, undercover officers of the District of Columbia's Metropolitan Police Department purchased over twenty grams of cocaine base from Lawrence in the Northwest

---

[1] Unless otherwise indicated, all docket references are to *United States v. Lawrence*, Criminal Action No. 03-00092-01 (CKK) (D.D.C.).

Quadrant of Washington, D.C.[2] In the succeeding months, undercover officers purchased drugs from Lawrence and his associates on two more occasions.

On March 4, 2003, a federal grand jury indicted Lawrence on three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). In September 2003, Lawrence was tried before a jury in this Court. On September 30, 2003, the jury found Lawrence guilty of distributing five grams or more of cocaine base in connection with the undercover sale on April 30, 2002, but the jury could not reach a verdict on the charges pertaining to the later undercover sales.

The Court deferred sentencing Lawrence pending the outcome of the trial in a separate criminal matter presided over by Judge John Garrett Penn in which Lawrence was also a defendant. Lawrence was ultimately convicted in that action and was sentenced by Judge Penn in both criminal matters on February 1, 2005. Lawrence appealed to the United States Court of Appeals for the District of Columbia Circuit, which affirmed his conviction in this criminal matter, reversed his conviction in the separate criminal matter before Judge Penn, and remanded for resentencing. *See United States v. Lawrence*, 471 F.3d 135 (D.C. Cir. 2006).

Upon remand, the undersigned presided over the resentencing proceedings, which included the preparation of a new presentence investigation report, the exchange of sentencing

---

[2] The Presentence Investigation Report identified the exact amount of cocaine base involved in the undercover sale as 29.6 grams. *See* Presentence Investigation Report, ECF No. [97], at 4, 6. The Court is aware that Lawrence has claimed in his pending appeal that the quantity of cocaine base involved in the sale was actually closer to 21 grams. *See* Corrected Reply Br. of Appellant at 7, *United States v. Lawrence*, No. 09-3110 (D.C. Cir. June 7, 2011), ECF No. [1311926]. However, in so claiming, Lawrence has conceded that he "did not object to the findings in the presentence report." *Id.* More importantly for present purposes, Lawrence has not raised any such claim before this Court in connection with his Motion to Vacate. As a result, the Court has no occasion to address the issue at this time.

memoranda and related filings, and several hearings. On July 24, 2009, Lawrence, through his counsel, filed a [74] Sentence Memorandum and Motion for Downward Departure and/or a Variance, Non-Guideline Sentence ("Sentencing Memorandum") and, on August 7, 2009, he filed a [81] Reply to the Government's Sentencing Memorandum ("Sentencing Reply Memorandum"). On September 3, 2009, the Court aborted and continued an attempt to conduct the Sentencing Hearing to permit further inquiry into certain aspects of Lawrence's criminal history. *See* Tr. of 9/3/09 Status Hr'g, ECF No. [102]. On October 2, 2009, Lawrence, again through counsel, filed a [89] Supplemental Sentencing Memorandum responding to additional information concerning his criminal history gathered by the United States Probation Office. On October 5, 2009, the Court held the final Sentencing Hearing, at which point the Court sentenced Lawrence to 250 months' incarceration to be followed by five years' of supervised release. *See* Tr. of 10/5/09 Resentencing Hr'g, ECF No. [103]; Am. Judgment, ECF No. [93].

On October 14, 2009, Lawrence filed a timely notice of appeal challenging his resentencing. Lawrence's appeal before the United States Court of Appeals for the District of Columbia Circuit remains pending. Oral argument was heard on September 20, 2011.

On August 26, 2010, several months' after the commencement of his appeal, Lawrence filed his Motion to Vacate in this Court, raising different challenges to his resentencing than those that are currently pending before the Court of Appeals. While Lawrence has been represented by counsel throughout this case, his Motion to Vacate is brought *pro se*. The Government filed its [110] Opposition to Lawrence's Motion to Vacate on December 10, 2010, and Lawrence filed his [112] Traverse on December 27, 2010. The motion is therefore fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that his sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The circumstances under which such a motion will be granted, however, are limited in light of the premium placed on the finality of judgments and the opportunities prisoners have to raise most of their objections during trial or on direct appeal. "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Nonetheless, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, the decision whether or not to hold a hearing is entrusted to the district court's discretion, particularly where, as here, the reviewing judge presided over the proceeding in which the petitioner claims to have been prejudiced. *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1131 (1997). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b).

## III. DISCUSSION

The Court's discussion here divides into two parts. The Court shall first explain why Lawrence's ineffective assistance of counsel claim does not entitle him to relief under 28 U.S.C. § 2255. Thereafter, the Court shall explain why no Certificate of Appealability shall issue.

*A.    Lawrence's Ineffective Assistance of Counsel Claim*

Lawrence claims that his counsel's performance during the resentencing proceedings before this Court abridged his Sixth Amendment right to effective assistance of counsel, as that right was articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). "A criminal defendant is as much entitled to effective representation by counsel at sentencing as at any other critical stage of his trial." *United States v. Ellerbe*, 372 F.3d 462, 467 (D.C. Cir. 2004) (internal quotation marks and citations omitted). Nonetheless, to establish a successful claim for ineffective assistance of counsel under *Strickland*, a petitioner must prove both (1) "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms," and (2) "that this error caused [him] prejudice." *United States v. Hurt*, 527 F.3d 1347, 1356 (D.C. Cir. 2008) (citing *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008)). The reviewing court must begin with a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment, *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1403 (2011), and it is the petitioner's burden to show that counsel made errors "so serious" that counsel could not be said to be functioning as the counsel guaranteed by the Sixth Amendment, *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2011). Even then, the petitioner must further establish prejudice, a showing "[t]hat requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen*, 131 S. Ct. at 1403 (quoting *Richter*, 131

S. Ct. at 791). In the sentencing context, the petitioner's burden of establishing prejudice is "somewhat lighter," but the petitioner must still establish a "reasonable likelihood" that the errors ascribed to his counsel "affected his sentence," *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994), *cert. denied*, 519 U.S. 956 (1996); *accord United States v. Smith*, 267 F.3d 1154, 1160 (D.C. Cir. 2001).

"Even under *de novo* review, the standard for judging counsel's representation is a most deferential one," *Richter*, 131 S. Ct. at 788, and "[s]urmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 1485 (2010) (citations omitted). In this case, Lawrence claims that his counsel was "wholly ineffective" during the resentencing proceedings before this Court for two reasons. Pet'r's Mot. to Vacate at 1. First, Lawrence contends that his counsel failed to compel the Government and the Court to comply with 21 U.S.C. § 851. Second, Lawrence claims that his counsel failed to present mitigating information during resentencing. The Court addresses each contention in turn.

        1.      Lawrence's Contention that His Counsel Failed to Compel the Government and the Court to Comply with 21 U.S.C. § 851

First, Lawrence alleges that his counsel "failed to compel the district court[] and the government to comply with [the] sentencing enhancement provision[] announced in section 851." Pet'r's Mot. to Vacate at 2. Here, Lawrence relies upon 21 U.S.C. § 851, a provision that applies when the Government seeks to obtain the enhanced *statutory* penalties provided in 21 U.S.C. §§ 841-858 based upon certain qualifying prior convictions. Section 851 simply does not apply where, as here, the sentencing court applies the career offender provisions under the United

States Sentencing Guidelines and imposes a sentence within the statutory range.[3] *See United States v. Sanchez*, 917 F.2d 607, 616 (1st Cir. 1990), *cert. denied*, 499 U.S. 977 (1991); *United States v. Whitaker*, 938 F.2d 1551, 1552 (2d Cir. 1991) (*per curiam*), *cert. denied*, 502 U.S. 1076 (1992); *United States. Marshall*, 910 F.2d 1241, 1244-45 (5th Cir. 1990), *cert. denied*, 498 U.S. 1092 (1991); *United States v. Meyers*, 952 F.2d 914 (6th Cir.), *cert. denied*, 503 U.S. 994 (1992); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir. 1990); *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir. 1990), *cert. denied*, 499 U.S. 911 (1991); *United States v. Novey*, 922 F.2d 624, 627-29 (10th Cir.), *cert. denied*, 501 U.S. 1234 (1991), *overruled on other grounds by United States v. Flowers*, 464 F.3d 1127 (10th Cir. 2006). In this case, because the Government did not seek to obtain the enhanced statutory penalties provided in 21 U.S.C. §§ 841-858 based upon qualifying prior convictions, neither the Government nor the Court was required to comply with § 851. *Ipso facto*, Lawrence's counsel could not have fallen below the constitutional minimum for effective assistance of counsel by "fail[ing] to compel the district court[] and the government to comply with [the] sentencing enhancement provision[] announced in section 851." Pet'r's Mot. to Vacate at 2. The argument is patently insufficient to overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.[4]

---

[3] Absent aggravating circumstances, a charge under 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) carries a maximum term of imprisonment of forty years. Lawrence's sentence of 250 months' imprisonment fell well below this statutory maximum.

[4] Parenthetically, the Court notes that Lawrence's counsel did in fact contest aspects of the criminal history set forth in the Presentence Investigation Report. *See* Tr. of 9/3/09 Status Hr'g; Pet'r's Suppl. Sentencing Mem. More broadly, as set forth more fully below, Lawrence's counsel consistently maintained that the characterization of Lawrence's criminal history significantly overrepresented the seriousness of his past criminal conduct.

### 2. Lawrence's Contention that His Counsel Failed to Present Mitigating Information During Resentencing

Second, Lawrence faults his counsel for "fail[ing] to proffer relevant mitigating information," which he contends "could have induced the [C]ourt to provide [him] with a lower term of imprisonment." Pet'r's Mot. to Vacate at 2. However, Lawrence fails to identify what sort of mitigating information his counsel should have, but failed to, present to the Court during resentencing proceedings. "[V]ague and conclusory" allegations of this kind are woefully inadequate to overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Simms v. United States*, 730 F. Supp. 2d 58, 61 (D.D.C. 2010); *see also United States v. Taylor*, 139 F.3d 924, 923 (D.C. Cir. 1998) (noting that "[s]ummary disposition" of an ineffective assistance of counsel claim "may [] be appropriate where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion").

More to the point, Lawrence's contention that his counsel failed to present mitigating evidence to the Court is belied by the record. Simply by way of example, during resentencing proceedings, Lawrence's counsel consistently presented evidence and argument claiming that Lawrence's designation as a career offender "substantially overrepresent[ed] the seriousness of [his] criminal history [and] the likelihood that [he would] commit other crimes." Pet'r's Sentencing Mem. at 1. His counsel underscored, precisely as Lawrence does in his Motion to Vacate, that his prior convictions involved relatively small amounts of drugs and monies and occurred remote in time from the charge for which he was actually sentenced. *See id.* at 1-2, 4; Pet'r's Sentencing Reply Mem. at 2. In a similar vein, his counsel argued that his prior convictions resulted in "excessive" sentences and that his parole violations were merely

8

"technical." Pet'r's Sentencing Mem. at 1-2, 4; Pet'r's Sentencing Reply Mem. at 2; Pet'r's Suppl. Sentencing Mem. at 2. More broadly, his counsel argued, *inter alia,* that Lawrence had engaged in "educational, vocational and self-improvement programs" while incarcerated, gained "significant insight into the nature and cause of his criminal conduct," expressed a "sincere desire" to change his behavior, developed a "profound religious belief," and was "unusually devoted" to his family, including a young son. *See* Pet'r's Sentencing Mem. at 2, 4; Tr. of 9/3/09 Status Hr'g; Tr. of 10/5/09 Resentencing Hr'g. Against this record, Lawrence's claim that his counsel "failed to proffer relevant mitigating information," Pet'r's Mot. to Vacate at 2, rings hollow and is insufficient to override the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.

For the foregoing reasons, the Court finds Lawrence's ineffective assistance of counsel claim to be without merit and shall therefore DENY his [105] Motion to Vacate.

   B.   *No Certificate of Appealability Shall Issue From This Court*

When the district court enters a final order resolving a petition under 28 U.S.C. § 2255 that is adverse to the petitioner, it must either "issue or deny a certificate of appealability." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a). By statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing demands that the petitioner demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). For the reasons set forth

above, the Court concludes that Lawrence has failed to make that showing in this case, and, accordingly, no certificate of appealability shall issue from this Court. To the extent Lawrence intends to file an appeal, he must seek a Certificate of Appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22.

## IV. CONCLUSION

For the reasons set forth above, the Court shall DENY Lawrence's [105] Motion to Vacate. Furthermore, no Certificate of Appealability shall issue from this Court. To the extent Lawrence intends to file an appeal, he must seek a Certificate of Appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22. An appropriate Order accompanies this Memorandum Opinion.

Date: October 19, 2011

							**COLLEEN KOLLAR-KOTELLY**
							United States District Judge